USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED MAR 1 0 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR BRONFEN,

    Plaintiff,

-against-

SANTANDER BANK, N.A.,

    Defendant

Docket No.: 1:19-CV-07865

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS the Parties (as defined herein) agree that the nature of this case will require the Parties to seek and produce documents and information, and elicit deposition testimony, the disclosure of which presents a substantial risk of harm to the Producing Party's (as defined herein) legitimate proprietary interests; and

WHEREAS the Parties agree that a protective order is necessary to minimize any harm flowing from the disclosure of sensitive information; and

WHEREAS the Parties agree to the terms of this Order to protect their confidential documents, things and information; and

WHEREAS the terms of this Order provide that the Party requesting production of the information may challenge the Producing Party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential; and

WHEREAS the Court having found good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action;

IT IS HEREBY ORDERED THAT the following procedures shall be employed and the following restrictions shall govern handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this action, or provided by or obtained from non-parties in this Action.

1.     **Scope of Protective Order:** This Protective Order applies to all Discovery Materials (as defined herein) produced by a Producing Party in connection with this action. In addition, this Protective Order allows for the filing of documents with the Court under seal, subject to any applicable Local Court Rule or CM/ECF procedure, if such documents contain Confidential information. This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

2. **Definitions:**

   (a) The term "disclose" means to show, give, make available or communicate, in any fashion, to any Person (as defined herein), any information, material, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in this action.

   (b) The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer- generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this action.

   (c) The term "Outside Counsel" means litigation counsel of record for the Parties, together with their employed and contracted support staff, such as legal assistants, paralegals, secretaries, information technology and clerical employees assisting such counsel; vendors that scan, code and/or produce documents at such counsel's request; trial consultants, their employees, and independent contractors hired to assist them, other than those persons described in Paragraph 2(g)(4) below.

   (d) The terms "Parties" or "Party" mean the following plaintiff and/or defendant in this civil action: Edgar Bronfen ("Bronfen") and Santander Bank, N.A. ("Santander").

   (e) The term "Person" means any natural person or any business, legal or governmental entity or association.

   (f) The term "Producing Party" means any Party, Person or non-party who produces any information, whether oral or in documentary or other tangible form.

   (g) The term "Qualified Person" means (1) Outside Counsel; and (2):

   (i) Santander's in-house counsel, and (ii) employees/officers of Santander who agree to be bound by the terms of the Protective Order by signing the attached Undertaking; (3) current or former employees of any Party who are authors, addressees, or copyees of the operative documents and/or communications; (4) outside independent experts and consultants of the Parties who are assisting Outside Counsel in this action and any necessary assistants and clerical employees under their direct supervision and employed by

them or their employer or organization, provided that any applicable requirements of Paragraph 7 below are satisfied; and (5) the Court and Court personnel, including court reporters and videographer.

(h) The term "Receiving Party" means any Person to whom Confidential information is disclosed in this action.

(i) Any other term not defined herein shall carry its ordinary meaning.

3. **Designation of Information as Confidential and Attorneys' Eyes Only:**

   (a) Any Party and any non-party shall have the right to designate as "Confidential" and subject to this Order any Discovery Material that the Producing Party believes is not publicly known and which the Producing Party would not normally reveal to the public or to third parties without a confidentiality agreement. Moreover, a Party may designate Discovery Material produced by non-parties that contain that Party's Confidential information as "Confidential." Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Confidential, by placing or affixing on each page of such Document, or on the face of such thing, the legend "CONFIDENTIAL" (as used above and hereinafter, "Confidential").

   (b) Any Party and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material that contains proprietary or sensitive personal, research or business information. Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Attorneys' Eyes Only, by placing or affixing on each page of such Document, or on the face of such thing, the legend "ATTORNEYS' EYES ONLY" (hereinafter, "Attorneys' Eyes Only")

   (c) In addition to Discovery Material, and in accordance with Paragraphs (a) and (b) above, any Party and any non-party shall also have the right to designate as "Confidential" or "Attorneys' Eyes Only" and subject to this Order any letter, brief, motion, affidavit, pleading or other filing containing such confidential information.

4. **Testimony**: Testimony obtained from a deposition or hearing may be designated Confidential or Attorneys' Eyes Only, in accordance with Paragraphs 3(a) and 3(b) above, either on the record at the deposition or hearing or by letter within seven (7) days after receipt of the final transcript. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" to the cover of the transcript or to each page thereof if designated as such by a Party.

5. **Nondisclosure of Confidential and Attorneys' Eyes Only Information:**

(a) No Confidential information may be disclosed to any Person, other than a Qualified Person as set forth in Paragraph 2(g) above and in the manner specified in Paragraph 7 below. Confidential information may be disclosed to Parties, subject to compliance with the requirements of Paragraph 6 below.

(b) No Attorneys' Eyes Only information may be disclosed to any Party or Person, other than those limited Qualified Persons identified in Paragraph 6(b) below.

6. **Disclosure of Confidential and Attorneys' Eyes Only Information to Qualified Persons:**

    (a) Any information designated as Confidential shall be maintained in confidence by any Receiving Party. Confidential information may be disclosed only to Qualified Persons as set forth in Paragraph 2(g) above. Prior to any disclosure to Qualified Persons in categories (2)(ii) and (4) of Paragraph 2(g) above, the relevant requirements of Paragraph 7 below shall be satisfied, including that each such Qualified Person in categories (2)(ii) and (4) of Paragraph 2(g) above shall read this Protective Order and sign the Undertaking attached hereto. The Party that has retained or disclosed Confidential information to the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this action.

    (b) Any information designated as Attorneys' Eyes Only shall be maintained in confidence by any Receiving Party. Information designated Attorneys' Eyes Only may be disclosed only to Qualified Persons identified in Paragraph 2(g) above. Prior to any disclosure to Qualified Persons in category (4) of Paragraph 2(g) above, the relevant requirements of Paragraph 7 below shall be satisfied, including that each such Qualified Person in category (4) shall read this Protective Order and sign the Undertaking attached hereto. The Party that has retained, or disclosed Attorneys' Eyes Only information to the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this action.

7. **Disclosure Rules for Experts and Consultants:** The following applies for each independent expert and consultant described in Paragraph 2(g)(4) above to whom Confidential and/or Attorneys' Eyes Only information is to be given, shown, disclosed, made available or communicated in any way:

    (i) Such expert or consultant shall first read this Protective Order and sign the Undertaking attached hereto.

    (ii) At least five (5) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating

Confidential and/or Attorneys' Eyes Only information to any expert or consultant, the Receiving Party shall deliver (by electronic mail) to all other Parties a copy of the signed Undertaking and (i) a resume, curriculum vitae, or the requisite disclosure information pursuant to Fed. R. Civ. P. 26, and (ii) a description of any relationship to the Parties in this action.

(iii) If a Party has a basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days after service of the information called for in Paragraph 7 (ii). Objections must be in writing and state with particularity the basis for the objection.

(iv) In the event of such an objection to disclosure of Confidential and/or Attorneys' Eyes Only information, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. Pending resolution of any such motion or application, no disclosure of Confidential and/or Attorneys' Eyes Only information shall be made to that person.

8. **Use of Designated Materials**:

(a) Subject to Paragraph 13 below, Confidential and Attorneys' Eyes Only information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of actions and proceedings in the above-captioned action and not for any business, commercial, regulatory, competitive, personal or other purpose or any other action.

(b) Confidential and Attorneys' Eyes Only information may be disclosed by a Receiving Party at a deposition or hearing to the extent that its use is reasonably necessary, to:

(i) The present directors, officers, employees, agents or Rule 30(b)(6) designees of the Producing Party;

(ii) An author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(iii) A person not within subparagraphs 8(b)(i)-(ii) above who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior

disclosure of the Confidential or Attorneys' Eyes Only information);

  (iv) An independent expert or consultant qualified under this Protective Order to receive such information.

9. **Inadvertent Productions**:

  (a) In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. Upon receiving notice of inadvertent production, the Receiving Party(ies) shall not make any use of such document or thing or disseminate the same in any way. The unintentional or inadvertent production of privileged, work-product- protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work-product- protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent production. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

  (b) Unintentional or inadvertent failure to designate any information as "Confidential" and/or "Attorneys' Eyes Only" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent failure to designate. In

the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly-labeled copies.

10. **Categorical Privilege Log**: Documents withheld or redacted on the basis of the attorney-client privilege, work-product doctrine, or other privilege or immunity will be logged categorically in accordance with Local Rule 26.2(c).

11. **Filing**: All documents – including pleadings, motions and other papers – containing Confidential and Attorneys' Eyes Only information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

12. **Changes to Confidentiality Designations and Requests to Disclose Confidential and Attorneys' Eyes Information to Non-Parties**: Nothing herein shall be taken as indicating that any document or information designated as Confidential or Attorneys' Eyes Only is entitled to such treatment. If the Receiving Party desires to disclose Confidential or Attorneys' Eyes Only information to someone other than a Qualified Person as permitted in Paragraphs 6-8 above, or if the Receiving Party disagrees with the designation by the Producing Party, then the Receiving Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the confidentiality of the information. Outside Counsel for the Person or Party asserting the confidentiality of the information and the Receiving Party shall first try to resolve such dispute within five (5) business days after receipt of the Receiving Party's notice. If the dispute cannot be resolved, the Receiving Party may seek a ruling from the Court that the information is improperly designated or that such disclosure should take place. Pending a determination by the Court, such information shall be treated as Confidential or Attorneys' Eyes Only as so designated by the Person or Party asserting the operative confidentiality claim.

13. **Subpoena by Other Courts or Agencies**: If Confidential and/or Attorneys' Eyes Only information in the possession, custody or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed, shall on or before the third business day of receipt thereof, give written notice by hand, email or facsimile of such process or discovery request, together with a copy thereof, to Outside Counsel for the Producing Party and cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request.

14. **Client Consultation**: Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel or designated in-house counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential or Attorneys' Eyes Only information; *provided, however*, that in rendering such advice and otherwise communicating with such clients, Outside Counsel or designated in-house counsel shall not reveal the content of the

Confidential or Attorneys' Eyes Only information except by prior written agreement of the Parties, or by Order of the Court.

15. **Modification Permitted**: Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

16. **Termination of the Litigation**: Within 60 days after the final conclusion of this litigation, including all appeals, all Confidential and Attorneys' Eyes Only information, and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed. This includes all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential and Attorneys' Eyes Only information, except that, with respect to word processing and database tapes and disks, the Receiving Party shall destroy or erase such tapes or disks to the extent practicable. Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in this action, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial exhibit lists and that contain or refer to information designated as Confidential or Attorneys' Eyes Only information provided that all such documents shall remain subject to this Protective Order. Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the party that produced the documents not more than 75 days after conclusion of this litigation, including all appeals.

17. **No Limitations on Party's Use of its Own Information**: Except as specifically noted herein, this Protective Order shall not limit a Producing Party's use of its own Confidential or Attorneys' Eyes Only information.

18. **Third Parties**: If a third party provides Discovery Materials to any Party, such third party may adopt the terms of this Protective Order with regard to the production of Confidential or Attorneys' Eyes Only information by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in the form attached hereto. In the event of such election, the provisions of this Protective Order shall apply to such Discovery Materials as if such Discovery Materials were being provided by a Party to this litigation. Under such circumstances, the third party shall have the same rights under this Protective Order as the Parties.

19. **Survival**: This Protective Order shall survive and remain in full force and effect after termination of this action. Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential or Attorneys' Eyes Only information shall relieve such person from the obligation of maintaining the confidentiality of such information.

20.  **Pending Entry by the Court**: Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered." Until a protective order has been entered in this action, all materials produced in this action shall be treated as "Attorneys Eyes Only."

Dated:  March 6, 2020

By: s/Steven A. Lucia
    Steven A. Lucia
    **PHETERSON SPATORICO LLP**
    45 Exchange Blvd., 3rd Floor
    Rochester, NY 14614
    Tel: (585) 546-5600
    Steven.Lucia@psnlawgroup.com

    *Attorney for Plaintiff, Edgar Bronfen*

By:  s/Nipun J. Patel
    Nipun J. Patel (*pro hac vice*)
    Esther D. Clovis
    **HOLLAND & KNIGHT LLP**
    31 West 52nd Street
    New York, NY 10019
    Tel: (212) 513-3200
    nipun.patel@hklaw.com
    esther.clovis@hklaw.com

    *Attorneys for Santander Bank, N.A.*

**SO ORDERED**, this ___ day of March, 2020.

_____
ALISON J. NATHAN, U.S.D.J.

3/6/20

---

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
SO ORDERED.

# UNDERTAKING AND ACKNOWLEDGEMENT OF
## PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION

I,_____, hereby attest as follows:

1. I understand that CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material may be disclosed to me under the terms of the Protective Order attached to this Undertaking and Acknowledgement. I have a copy of and have read the Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

2. I agree that I will not disclose to anyone else the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of this litigation.

3. I agree that I will not keep any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.

Dated:_____    _____
                                    Signature

## NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
## ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1. _____, a non-party to the above-captioned litigation, has been requested and/or subpoenaed by a party to produce discovery containing Confidential and/or Attorneys' Eyes Only in connection with the above-captioned litigation.

2. _____hereby elects to adopt the terms of the Stipulated Confidentiality Agreement and Protective Order (herein, the "Protective Order") with regard to its terms regarding production of Confidential Information.

3. The provisions of the Protective Order shall apply to all documents, things and other information produced by_____as if such discovery were being provided by a party._____shall have the same rights and obligations under the Protective Order as held by the parties.

Dated:_____

_____
Name

_____
Company